JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

**APPENDIX H**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)   PLAINTIFFS

Gwendolyn Gibson

**(b)** County of Residence of First Listed Plaintiff   Phila. (PA)
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bruce W. Miller, Esquire
Silver, Miller &DeVirgilis
1707 Rittenhouse Square
Phila., PA 19103 (215) 545-8424

## DEFENDANTS

Home Depot U.S.A., Inc.

County of Residence of First Listed Defendant   Cobb (GA)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)   Kenneth M. Dubrow, Esq.
The Chartwell Law Offices, 1717 Arch St.
Ste. 2920, Phila., PA 19103 (215) 972-7006

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question (U.S. Government Not a Party)
- ☒ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from another district (specify)
- ☐ 6   Multidistrict Litigation
- ☐ 7   Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332 (a) and Sec. 1441 (a)

Brief description of cause:
negligence action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 50,000.00 (in excess)

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   None

JUDGE _____   DOCKET NUMBER _____

DATE   6/2/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

Kenneth M. Dubrow, Esquire

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Gwendolyn Gibson :      CIVIL ACTION
: 
v. : 
: 
Home Depot USA Inc. : 
:      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( x )

| | Kenneth M. Dubrow, Esquire | |
|---|---|---|
| **Date**  6/2/06 | **Attorney-at-law** | **Attorney for** Defendant |

| | | kdubrow@chartwelllaw.com |
|---|---|---|
| (215)972-7006 | (215)972-7008 | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**APPENDIX G**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Gwendolyn Gibson                    :
                                    :
                  V.                :          Civil Action
                                    :          No: _____
Home Depot USA  Inc.                :
                                    :

DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party, _Home Depot U.S.A., Inc._ , in the
         above listed civil action does not have any parent corporation and publicly held
         corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party, _____, in the
         above listed civil action has the following parent corporation(s) and publicly held
         corporation(s) that owns 10% or more of its stock:

         _____
         _____
         _____
         _____

     6/2/06                         _____
      Date                                        Signature

                        Counsel for:   Defendant,  Home Depot U.S.A.,  Inc.
                                       _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
         (a) WHO MUST FILE: NONGOVERNMENTAL CORPORATE PARTY.  A nongovernmental
corporate party to an action or proceeding in a district court must file two copies of a statement
that identifies any parent corporation and any publicly held corporation that owns 10% or more
of its stock or states that there is no such corporation.
         (b) TIME FOR FILING; SUPPLEMENTAL FILING.  A party must:
              (1)    file the Rule 7.1(a) statement with its first appearance, pleading, petition,
                     motion, response, or other request addressed to the court, and
              (2)    promptly file a supplemental statement upon any change in the
                     information that the statement requires.

UNITED STATES DISTRICT COURT **APPENDIX F**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: P.O. Box 49001, Phila., PA 19141

Address of Defendant: 2455 Paces Ferry Road, Atlanta, GA 30339

Place of Accident, Incident or Transaction: 3215 N. York Road, Willow Grove, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: N/A          Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) premises liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/2/06  _____ Kenneth M. Dubrow, Esquire  34665

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GWENDOLYN GIBSON | : | |
| | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. |
| HOME DEPOT USA INC. | : | |
| | : | |
| Defendant | : | |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

Defendant, Home Depot U.S.A., Inc. (misnamed above, Home Depot USA Inc.), hereby submits notice to the United States District Court for the Eastern District of Pennsylvania for the removal of the above entitled action to this Court, and in support thereof respectfully represents:

1.    Defendant, properly named, Home Depot U.S.A., Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located in the State of Georgia.

2.    Upon information, knowledge and belief, Plaintiff, Gwendolyn Gibson, is an adult individual and is a citizen and resident of the Commonwealth of Pennsylvania, residing in Philadelphia, Pennsylvania.[1]

3.    At all times material hereto, Defendant was duly

---

[1] Plaintiff's address, as alleged in the Complaint, is a post office box in Philadelphia, Pennsylvania.

registered to do, and was doing, business in the Commonwealth of Pennsylvania.

4.   On or about April 28, 2006, Plaintiff instituted the above action, by way of Complaint, a copy of which is attached hereto as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, as of April Term, 2006; No. 3874, seeking damages for injuries Plaintiff sustained as a result of Defendant's alleged negligence.

5.   Plaintiff has filed this matter as a "Major Non-Jury Case," seeking damages in excess of $50,000.00, exclusive of interest and costs, the sum representing the arbitration limit established by the Commonwealth of Pennsylvania for Philadelphia County.

6.   On May 31, 2006, Defendant's assistant counsel, Bryan P. Werley, Esquire ("Werley"), spoke, by telephone, with Plaintiff's counsel, Bruce W. Miller, Esquire ("Miller"), during which Mr. Miller represented that Plaintiff's claimed damages exceeded $75,000.00 (exclusive of interest and costs).   Mr. Miller's representation regarding the value of Plaintiff's instant claim is memorialized in Mr. Werley's letter of May 31, 2006, a copy of which is attached hereto as Exhibit "B."

7.   Diversity of citizenship exists between Plaintiff, a citizen and resident of the Commonwealth of Pennsylvania, and

Defendant, a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Georgia.

8.    The said diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice.   Therefore, as to said claim and cause of action, Defendant is entitled to removal pursuant to 28 U.S.C. §1441, et seq.

9.    This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt by Defendant of Plaintiff's Complaint.

WHEREFORE, the above action now pending against Defendant in the Pennsylvania Court of Common Pleas, Philadelphia County is removed therefrom to this Honorable Court.

Respectfully submitted,

THE CHARTWELL LAW OFFICES, LLP

BY: _____
KENNETH M. DUBROW, ESQUIRE
Identification No. 34665
The Bell Atlantic Tower Building
1717 Arch Street, Suite 2920
Philadelphia, PA 19103
(215) 972-7006

Attorney for Defendant,
Home Depot U.S.A., Inc.

R:\1093\Gibson\Praecipe (Notice) for Removal 5.31.06.doc

Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **APRIL 2006**   003874 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| Gwendolyn Gibson | Home Depot USA Inc. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| P.O. Box 49001 Philadelphia, PA 19141 | 2200 Oregon Avenue Philadelphia, PA 19145 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 1 | 1 | ☑ Complaint  ☐ Petition Action  ☐ Notice of Appeal  ☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
| --- | --- |
| ☐ $50,000.00 or less  ☑ More than $50,000.00 | ☐ Arbitration    ☐ Mass Tort    ☐ Commerce    ☐ Settlement<br>☐ Jury         ☐ Savings Action ☐ Minor Court Appeal ☐ Minors<br>☑ Non-Jury      ☐ Petition      ☐ Statutory Appeals ☐ W/D/Survival<br>☐ Other: _____ |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**

2S

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

N/A

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

N/A

IS CASE SUBJECT TO COORDINATION ORDER?
Yes ☑   No ☐
☐ ☐
☐ ☐

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
| --- | --- |
| Bruce W. Miller, Esquire | 1707 Rittenhouse Square Philadelphia, PA 19103 |

| PHONE NUMBER | FAX NUMBER |
| --- | --- |
| (215) 545-8424 | (215) 893-9653 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 09820 | |

| SIGNATURE | DATE |
| --- | --- |
| | |

## AVISO

Le han demandado en la corte.  Si usted quiere defe derse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiendo, la corte tomara medidas y puede continuar is demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.   SI NO TIENE ABOGADO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACION DE LICENCIADOS DE FILADELFIA**
**Servicio De Referencia E Informacion Legal**
**1101 Market Street**
**Filadelfia, Pennsylvnaia 19107**
**Telefono: (215) 238-6333**

**ATTEST**

APR 2 8 2006

SILVER, MILLER & DeVIRGILIS
BY:   Bruce W. Miller, Esquire
IDENTIFICATION NO.: 09820
1707 RITTENHOUSE SQUARE
PHILADELPHIA, PA  19103

**ATTORNEY FOR PLAINTIFF** J. COURTNEY

| | |
|---|---|
| Gwendolyn Gibson | : COURT OF COMMON PLEAS |
| P.O. Box 49001 | : PHILADELPHIA |
| Philadelphia, PA 19141 | : |
| v. | : APRIL 2006   Term, 2006 |
| Home Depot USA Inc. | : No. |
| 2200 Oregon Avenue | : |
| Philadelphia, PA 19145 | : 003874 |

APRIL 2006

JAN 0 2 2007

DISCOVERY DEADLINE

**CIVIL ACTION - LAW**
Premises Liability 2-S

**NOTICE**

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you
must take action within twenty (20) days after this complaint and notice are served by entering a written appearance
personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth
against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be
entered against you by the court without further notice for any money claimed in the complaint or for any other claim
or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A
LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO
FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street
Philadelphia, PA  19107
Telephone:  (215) 238-6333

**SILVER, MILLER & DeVIRGILIS**
BY:   Bruce W. Miller, Esquire          **ATTORNEY FOR PLAINTIFF**
**IDENTIFICATION NO.: 09820**
**1707 RITTENHOUSE SQUARE**
**PHILADELPHIA, PA  19103**          **MAJOR JURY TRIAL**

| | |
|---|---|
| Gwendolyn Gibson | : COURT OF COMMON PLEAS |
| P.O. Box 49001 | : PHILADELPHIA |
| Philadelphia, PA 19141 | : |
| v. | : |
| Home Depot USA Inc. | :          Term, 2006 |
| 2200 Oregon Avenue | : No. |
| Philadelphia, PA 19145 | : |

### CIVIL ACTION – LAW
### 2S - PREMISES LIABILITY

1.    Plaintiff, Gwendolyn Gibson, is an individual residing at the above-captioned

address.

2.    Defendant, Home Depot USA Inc. (hereinafter referred to "Depot"), is believed

to be a Pennsylvania Corporation duly organized to do and at the time of this accident was

doing business in the City and County of Philadelphia, with a place of business located at the

above-captioned address.

3.    At all such times relevant hereto, Defendant, Depot, did own, manage, possess

and/or control the real property located at 315 North York Road, Willow Grove, Pennsylvania.

4.    On or about July 5, 2004 and for a long period of time prior thereto, there

existed a dangerous and defective condition upon the premises situated at 315 North York

Road, Philadelphia, Pennsylvania.

5.     It was the duty of the defendant, by and through their agents, servants, workmen and/or employees, to keep and maintain the said premises in a reasonably safe condition for public travel thereon.

6.     On or about July 5, 2004, plaintiff was lawfully upon defendant's premises located at 315 N. York Road, Willow Grove, Pennsylvania, and was seriously injured while she was intending to purchase a "weed whacker" which was on display in the seasonal section of the store.

7.     While plaintiff was shopping for a weed whacker on the aforesaid date, an employee of the Defendant who was waiting on the Plaintiff, suddenly and without warning reached up and dislodged the display above the plaintiff's head, causing several items to fall striking the Plaintiff in the head, neck shoulders and other areas of the body.

8.     As a result of the negligence, carelessness and recklessness of the defendant, by and through their agents, servants, workmen and/or employees, plaintiff suffered serious and painful injuries as hereinafter described.

9.     The negligence, carelessness and recklessness of the defendant by and through their agents, servants, workmen and employees, consisted of the following:

a) permitting or allowing a dangerous and defective condition to exist in and upon the premises owned and supervised by them after they had, or in the exercise of reasonable care, should have had actual or constructive notice of said condition;

b) failing to give plaintiff proper and due notice of the dangerous condition existing on their premises;

c) failing to place warnings or barricades at the point of the accident to prevent the occurrence heretofore mentioned;

d) failing to properly place items for sale on display in a safe manner

e) failing to give plaintiff proper and adequate protection to which she is entitled;

f) failing to take reasonable steps to repair their premises so as to abate the aforesaid dangerous condition;

g) negligence as a matter of law; and

h) negligence in other respects which may well be pointed out at time of trial.

10.     As a result of the aforesaid negligence, carelessness and recklessness of the defendant, plaintiff suffered cervical sprain and strain with myoligamentus injury secondary to blunt trauma; sprain and strain of the left shoulder secondary to blunt trauma; herniated disc at C6-7, C4-5; herniated disc at L3-4 and L5-S1; lumbar radiculopathy; peripheral impairment of the left and right shoulders together with contusions, abrasions, lacerations and hematoma, by reason of which plaintiff has suffered mental anguish, physical pain and inconvenience, and is so likely to suffer in the future, plaintiff believes and therefore avers that her injuries are serious and permanent in nature and she is entitled to recover non-economic losses.

11.     As a further result of the aforesaid occurrence, plaintiff has been prevented from attending to her usual and daily activities and duties and will continue to be prevented from attending to these activities and duties for an indefinite time in the future, to her great detriment and loss.

12.     As a further result of the aforesaid negligence and carelessness of the defendant, the plaintiff has been compelled in order to effectuate a cure for the aforesaid injuries, to expend sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

13.     As a further result of the aforesaid negligence and carelessness of the defendant, the plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

14.     As a further result of the aforesaid negligence and carelessness of the defendant, the plaintiff has incurred other financial losses or expenses which do or may exceed amounts which she may otherwise be entitled to recover and may continue to suffer said losses for an indefinite period of time in the future, all to her great detriment and loss.

15.     As a further result of the aforesaid occurrence, the plaintiff has been obliged to receive and undergo medical attention and care and to expend various sums of monies and to incur various expenses in excess of her medical benefits as set forth in the Financial Responsibility Act, 75 P.S. § 1701, et seq.

16.     As a further result of the aforesaid occurrence, plaintiff has been unable to follow her usual and daily occupation and will be prevented from following it for some time in the future, thereby losing the emoluments which would have come to her through employment.

WHEREFORE, Plaintiff, Gwendolyn Gibson, demands judgment against the defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00).

SILVER, MILLER & DEVIRGILIS

BY: _____
BRUCE W. MILLER, ESQUIRE
Attorney for Plaintiff

## <u>V E R I F I C A T I O N</u>

I, Gwendolyn Gibson, hereby state that I am the Plaintiff in the foregoing matter and that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that the aforementioned statements are made subject to the penalties of 18 Pa.C.S. §4904 relating to the unsworn falsification to authorities.

Dated: 4/7/06          By: _____
                            Gwendolyn Gibson

Exhibit B



# THE CHARTWELL
## LAW OFFICES, LLP

Reply To: Philadelphia
Office Line: (215) 972-7006
E-Mail:  bwerley@chartwelllaw.com

May 31, 2006

Bruce W. Miller, Esquire
Silver, Miller & DeVirgilis
1707 Rittenhouse Square
Philadelphia, PA 19103

RE:   Gwendolyn Gibson v. Home Depot USA Inc.
      <u>C.P., Philadelphia Cty., April Term, 2006 No. 3874</u>

Dear Mr. Miller:

Per our telephone conversation, this date, this will again confirm this office serves as counsel for Defendant, properly named, Home Depot U.S.A., Inc., in connection with the above matter. This will further confirm your representation that Plaintiff is unwilling to cap her damages at less than $75,000.000 (exclusive of interest and costs); hence, based upon diversity of citizenship, Defendant will be removing the within action to federal court.

Thank you for your attention herein.

Very truly yours,

BRYAN P. WERLEY

---

Valley Forge Office
Valley Forge Corporate Center
2621 Van Buren Avenue
Norristown, PA 19403
(610) 666-7700
(610) 666-7704 (fax)

Philadelphia Office
Bell Atlantic Tower
1717 Arch Street, Suite 2920
Philadelphia, PA 19103
(215) 972-7006
(215) 972-7008 (fax)

Pittsburgh Office
409 Broad Street
Suite 200
Sewickley, PA 15143
(412) 741-0600
(412) 741 0606 (fax)

Harrisburg Office
1017 Mumma Road
Suite 100
Wormleysburg, PA 17043
(717) 909-5170
(717) 909-5173 (fax)

info@chartwelllaw.com
www.chartwelllaw.com

COMMONWEALTH OF PENNSYLVANIA :
                               :
COUNTY OF PHILADELPHIA     : SS.
                               :

## AFFIDAVIT

    KENNETH M. DUBROW, ESQUIRE, being duly sworn according to law, deposes and says that he is the attorney for Defendant, Home Depot U.S.A., Inc.; that, he has read the foregoing Notice and knows the contents thereof; that, he is authorized to make this Affidavit on behalf of Home Depot U.S.A., Inc.; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

                                                _____
                                          KENNETH M. DUBROW, ESQUIRE

Sworn to and subscribed
before me this 2ND day
of JUNE       2006.

_____
Notary Public

NOTARIAL SEAL
TRACY L JOHNSON
Notary Public
PHILADELPHIA CITY, PHILADELPHIA COUNTY
My Commission Expires Jan 12, 2010

R:\1093\Gibson\Praecipe (Notice) for Removal 5.31.06.doc

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GWENDOLYN GIBSON                          :
                                          :        CIVIL ACTION
                                          :
              Plaintiff                   :
                                          :
        v.                                :
                                          :        NO.
HOME DEPOT USA INC.                       :
                                          :
              Defendant                   :

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2006, a true and correct copy of the Notice for Removal of Action pursuant to 28 U.S.C. §1441 filed by Defendant, Home Depot U.S.A., Inc., was served upon the following by United States first class mail, postage pre-paid, addressed as follows:

Bruce W. Miller, Esquire
Silver, Miller & DeVirgilis
1707 Rittenhouse Square
Philadelphia, PA 19103

THE CHARTWELL LAW OFFICES, LLP

Dated:  6/2/06                    BY: _____
                                     KENNETH M. DUBROW, ESQUIRE
                                     Attorney for Defendant,
                                     Home Depot U.S.A., Inc.